IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD D. HORNSBY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2663-E-BW |
| | § | |
| GINA K. GRIPPANDO, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Plaintiff Harold D. Hornsby's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received on October 23, 2024. (Dkt. No. 4.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss Hornsby's case without prejudice unless he pays the $405.00 filing and administrative fees by November 25, 2024, or by some other deadline established by the Court.

**I. LEGAL STANDARDS AND ANALYSIS**

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* In addition to requiring an applicant to complete a financial affidavit in support of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Here, Hornsby filed a financial affidavit in support of his application to proceed IFP stating that he receives $9,072 in retirement income and $2,064 in disability income per year, and that his spouse receives $19,512 in retirement income per year. (*See* Dkt. No. 5 at 2.) He reports having $250 in a checking account, no dependents, and two vehicles of unspecified value. (*See id.* at 2-3.) He states that he spends $300 a month on utilities, $100 a month on transportation, and $236 a month on vehicle insurance, while his spouse spends $900 a month on a rent or mortgage payment, $400 a month on food, and $50 a month on transportation. (*See id.* at 4.) Hornsby does not expect any major changes to his income or expenses in the next 12 months. (*See id.* at 1, 5.)

Based on this information, the Court should find that Hornsby has failed to show that payment of the $405.00 filing and administrative fees would cause him undue financial hardship. The expenses Hornsby reports total $1,986 per month, which is over $500 less than his household's reported monthly income of $2,554. Further, for the 12 months preceding the filing of his IFP application, Hornsby and

2

his spouse's self-reported yearly income netted $30,648.  Their income is above the federal poverty guideline for a household of two.  *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024) (setting an annual income of $20,440 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia).  Accordingly, the Court should deny Hornsby's application to proceed in forma pauperis.

## II.  RECOMMENDATION

The Court should **DENY** Hornsby's Application to Proceed in District Court Without Prepaying Fees or Costs, received on October 23, 2024 (Dkt. No. 4), and dismiss his case without prejudice unless he pays the $405.00 filing and administrative fees by November 25, 2024, or by some other deadline established by the Court.

**SO RECOMMENDED** on October 28, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).